NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001026
28-NOV-2012
09:31 AM**

NOS. CAAP-11-0000489, CAAP-11-0000629 & CAAP-11-0001026

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

## CAAP-11-0000489
EDMUND C. OLSON, Trustee of the Edmund C. Olson Trust No. 2,
u/a dated August 21, 1985, Plaintiff-Appellee,
v.
ABEL LUI and all persons claiming by, through and under him
and acting in concert with him; and SHELLEY STEPHENS MAHI,
Defendants-Appellants
and
DAVID SCHLESINGER; HAN PHUA; JOHN DOES 3-50;
and JANE DOES 2-50, Defendants.
------------------------------------------------------------
## CAAP-11-0000629
EDMUND C. OLSON, Trustee of the Edmund C. Olson Trust No. 2,
u/a dated August 21, 1985, Plaintiff-Appellee,
v.
ABEL LUI and all persons claiming by, through and under him
and acting in concert with him, Defendant-Appellant
and
DAVID SCHLESINGER; HAN PHUA; SHELLEY STEPHENS MAHI;
JOHN DOES 3-50; and JANE DOES 2-50, Defendants.
------------------------------------------------------------
## CAAP-11-0001026
EDMUND C. OLSON, Trustee of the Edmund C. Olson Trust No. 2,
u/a dated August 21, 1985, Plaintiff-Appellee,
v.
HAN PHUA, Defendant-Appellant
and
ABEL LUI and all persons claiming by, through and under him and
acting in concert with him DAVID SCHLESINGER; SHELLEY STEPHENS
MAHI; JOHN DOES 3-50; and JANE DOES 2-50, Defendants.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KA'Ū DIVISION
(CIVIL NO. 3RC11-1-195K)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth, Ginoza, JJ.)

This consolidated appeal of CAAP-11-0000489, CAAP-11-0000629, and CAAP-11-0001026 arises out of an action for ejectment in the District Court of the Third Circuit, Ka'ū Division [1] (the district court). Defendants-Appellants Abel Lui (Lui), Han Phua (Phua), Shelley Stephens Mahi (Mahi) (collectively, Defendants), and Kittrena L. Morgan (Morgan)[2] seek to appeal from: (1) the "Order Granting Plaintiff's Motion for Summary Judgment" (MSJ Order) entered on June 15, 2011 by the district court; and (2) the Judgment for Possession (Judgment) and Writ of Possession (Writ) entered July 12, 2011 by the district court. The district court entered the MSJ Order, Judgment, and Writ in favor of Plaintiff-Appellee Edmund C. Olson, Trustee of the Edmund C. Olson Trust No. 2, U/A Dated August 21, 1985 (Olson) and against Defendants.

Olson's complaint alleges that he is the current legal owner of real property located in Kāwā, Ka'ū, Hawai'i (Tax Map Key (TMK) No. (3) 9-5-016:006) (the Property). The Defendants also claim ownership of the Property and/or the right to occupy the Property.

The Property has been the subject of previous litigation. In 1988, a Decree Quieting Title was entered by the Circuit Court of the Third Circuit ruling that Thomas M. Okuna (Okuna) was the fee simple owner of several parcels of land, including the Property. Subsequently, in 2005, Okuna sold the Property to Olson, as reflected in a Deed recorded in the Bureau of Conveyances.

---

[1] The Honorable Joseph P. Florendo Jr. presided.

[2] Morgan was not a party in the district court proceedings, but was listed as a co-appellant with Mahi in the notice of appeal for CAAP-11-000489. As a non-party to the district court proceedings, Morgan has no standing to appeal. Abaya v. Mantell, 112 Hawai'i 176, 181, 145 P.3d 719, 724 (2006).

In the current litigation, on March 17, 2011, Olson filed a Complaint for Ejectment against Defendant Lui and others in Civil No. 3RC11-1-195K.

On April 12, 2011, Olson filed a Motion for Summary Judgment. The district court heard the motion on May 17, 2011, and granted the motion on June 15, 2011. The basis for granting summary judgment was that Olson's right to the Property, and the Defendants' lack of interest in the Property, had been conclusively established by previous decisions, including the 1988 Decree Quieting Title. On July 12, 2011, the district court entered the Judgment and issued the Writ in favor of Olson.

The appellate court reviews "the [district] court's grant or denial of summary judgment *de novo*." Querubin v. Thronas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005) (quoting Durette v. Aloha Plastic Recycling, Inc., 105 Hawai'i 490, 501, 100 P.3d 60, 71 (2004)).

The Hawai'i Supreme Court has often articulated that

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

Querubin, 107 Hawai'i at 56, 109 P.3d at 697 (quoting Durette, 105 Hawai'i at 501, 100 P.3d at 71).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve the appeals as follows.

## I.    CAAP-11-0000489

Appeal No. CAAP-11-0000489 arises from a notice of appeal filed on June 16, 2011 by Mahi and non-party Morgan, as well as Lui's notice of appeal filed on June 20, 2011.  These notices of appeal were filed after the district court's announcement on June 15, 2011 that it would enter a judgment of possession and writ of possession, but prior to the filing of the appealable Judgment and Writ.[3]  Pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(2), these notices of appeal were deemed filed immediately after the Judgment and Writ became final.  Thus, these notices of appeal were timely.

However, because Morgan was not a party in the district court proceedings, she has no standing to appeal.  Abaya, 112 Hawai'i at 181, 145 P.3d at 724.  Therefore, the appeal in No. CAAP-11-0000489 is dismissed as to Morgan.

Only Mahi filed an opening brief with regard to No. CAAP-11-0000489.  Mahi's opening brief asserts, among other things, that Lui and his family have rights to the Property through Lui's ancestors.[4]  However, Mahi's brief provides no discernible argument challenging the district court's grant of summary judgment in favor of Olson, upon which the Judgment and Writ are based.  Based on our de novo review, there are no genuine issues of material fact and the district court did not err in granting summary judgment in favor of Olson.

---

[3]  The Judgment and Writ were appealable pursuant to Forgay v. Conrad, 47 U.S. 201 (1848) and Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995).

[4]  Although Mahi's opening brief addresses the question of title to the Property, the Defendants did not raise a defense to the district court's jurisdiction.  That is, Defendants did not present a written answer or written motion accompanied by an affidavit setting forth the source, nature and extent of their claimed title with particularity, as required by Rule 12.1 of the District Court Rules of Civil Procedure.  Deutsche Bank Nat. Trust Co. v. Peelua, 126 Hawai'i 32, 265 P.3d 1128 (2011).

## II. CAAP-11-0000629

Appeal No. CAAP-11-0000629 is based on Lui's notice of appeal filed on August 25, 2011. We lack jurisdiction to review this appeal because it was not timely filed. The August 25, 2011 notice of appeal was not filed within thirty days of the July 12, 2011 Judgment and Writ, as required by HRAP Rule 4(a)(1).

The failure to file a timely notice of appeal is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."). Thus, we lack jurisdiction over this appeal.

## III. CAAP-11-0001026

Appeal No. CAAP-11-0001026 is based on Phua's notice of appeal filed on December 2, 2011. We also lack jurisdiction to review Phua's appeal because it was not timely filed. Phua's December 2, 2011 notice of appeal was not filed within thirty days of the July 12, 2011 Judgment and Writ, as required by HRAP Rule 4(a)(1). Thus, we lack jurisdiction over this appeal. Bacon, 68 Haw. 648, 727 P.2d 1127; HRAP Rule 26(b).

## IV. Conclusion

Based on the foregoing, appeal No. CAAP-11-0000629 and No. CAAP-11-0001026 are dismissed for lack of jurisdiction.

As to appeal No. CAAP-11-0000489, Morgan's appeal is dismissed because she had no standing to appeal. As to the remainder of the appeal, the Judgment for Possession and Writ of

5

Possession, both entered on July 12, 2011 in the District Court of the Third Circuit, Ka'ū Division, are affirmed.

DATED: Honolulu, Hawai'i, November 28, 2012.

On the briefs:

Shelley Stephens Mahi
Defendant-Appellant Pro Se
in No. CAAP-11-0000489

Abel Lui
Defendant-Appellant Pro Se
in No. CAAP-11-0000629

Han Phua
Defendant-Appellant Pro Se
in No. CAAP-11-0001026

Paul Alston
Pamela W. Bunn
Shellie K. Park-Hoapili
(Alston Hunt Floyd & Ing)
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge